In re: CMA MORTGAGE, INC., FAIR CREDIT REPOORTING ACT (FCRA) LITIGATION

American Family Mutual Insurance Co. v. C.M.A. Mortgage, Inc., et al., S.D. Indiana, C.A. No. 1:06–1044

Mary Forrest v. C.M.A. Mortgage, Inc., E.D. Wisconsin, C.A. No. 2:06–14.

MDL No. 1908.

United States Judicial Panel on Multidistrict Litigation.

Feb. 12, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

## ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** One of two defendants in the Southern District of Indiana action moves, pursuant to 28 U.S.C. § 1407, (1) to transfer the Eastern District of Wisconsin action to the Southern District of Indiana, and (2) simultaneously to remand all claims, except those brought by American Family Mutual Insurance Co. (American Family) in its intervenor complaint, to the Eastern District of Wisconsin. American Family supports this motion. Moving defendant represents that both the plaintiff in the Eastern District of Wisconsin action and defendant CMA Mortgage, Inc., concur.

After considering all argument of counsel, we find that Section 1407 centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. Inasmuch as only two actions are involved, the proponents of centralization have failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket. In addition, cross motions for summary judgment are fully briefed in the Southern District of Indiana declaratory judgment action which could help resolve much, if not all, of the insurance coverage contract dispute in the Eastern District of Wisconsin intervenor complaint. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Compa-*

*ny (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan. Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these two actions is denied.